UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL ACTION NO. 7:16-cv-00018-ART-EBA
*Filed Electronically*

**In re:  15 Mart Meade Branch, Prestonsburg, Kentucky 41653**

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.

ESTATE OF KATHY THACKER, ET AL,                                          DEFENDANTS

## *IN REM* JUDGMENT AND ORDER OF SALE

\* \* \* \* \* \*

This matter having come before the Court upon the Plaintiff's Motion for an *In Rem* Judgment and Order of Sale against the interests of the Defendants, Estate of Kathy Thacker c/o Shawn C. Reynolds, Administrator; Unknown Heirs of Kathy Thacker; Unknown Spouses of Unknown Heirs of Kathy Thacker; Shawn Reynolds, Individually; Joanie Reynolds; Estate of Steve Thacker; Unknown Spouse of Steve Thacker; Unknown Heirs of Steve Thacker; Unknown Spouses of Unknown Heirs of Steve Thacker; and, default judgment against the interest of Defendant, Commonwealth of Kentucky, in the real property which is the subject of this action, and the Court having considered the Motion and its record herein, and being otherwise sufficiently advised, it is

ORDERED, ADJUDGED and DECREED herein as follows:

1. That the Plaintiff's said motion should be and the same is hereby GRANTED.

2. That the Plaintiff, the United States of America, be and it is hereby granted Judgment as follows:

1

    a. *In Rem* Judgment and Order of Sale is hereby entered against the interests of the Defendants, Estate of Kathy Thacker c/o Shawn C. Reynolds, Administrator; Unknown Heirs of Kathy Thacker; Unknown Spouses of Unknown Heirs of Kathy Thacker; Shawn Reynolds, Individually; Joanie Reynolds; Estate of Steve Thacker; Unknown Spouse of Steve Thacker; Unknown Heirs of Steve Thacker; Unknown Spouses of Unknown Heirs of Steve Thacker, in the real property which is the subject of this action, in the principal sum of $33,597.06, with accrued interest of $9,838.83 through January 12, 2016, total subsidy granted in the amount of $9,482.55, escrow in the amount of $313.90, and with fees assessed of $13,473.03, for a total unpaid balance due of $66,705.37. Interest is accruing on the unpaid principal balance at the rate of $9.6882 per day after January 12, 2016, until the date of entry of the Judgment herein and interest thereafter on the judgment at the rate of *1.17* percent per annum, until paid, plus costs, disbursements and expenses.

    b. A Default Judgment is hereby entered against the Defendant, Commonwealth of Kentucky. As the result of its default, the Defendant, Commonwealth of Kentucky, is found to have no interest in the subject real property.

3.     That federal liens attach to the real property which is the subject of this action, the same being located in Floyd County, Kentucky, and more particularly described as follows (hereinafter the "Property"):

> Being a part of Lot Not 1 of the Little Abbott Creek Subdivision as shown on Plat No. 1-1-108 on file in the office of the Floyd County Court Clerk, and beginning at a stake in the corner of Lot No. 2, county road, and the Left Fork of Abbott Creek; thence running with the county road and the Left Fork of Abbott Creek in the southerly direction approximately 378 feet to corner of Lot No. 5 and 6; thence running across road and up the hill in an easterly direction a straight line approximately 153 feet to a stake in gas line; thence running with gas line in a northerly direction approximately 220 feet to a stake in a drain; thence running down the hill with the drain to a stake in the lower side of driveway; thence running with the driveway in a northerly direction back to the stake corner of Lot No. 2, the point of beginning.
>
> Being the same property conveyed to Kathy Thacker, single, by Mortgage Guaranty Insurance Company, by deed dated October 1, 1992, and recorded in Deed Book 360, Page 678, Floyd County Court Clerk's Office.

4. That the federal liens attaching to the Property shall be foreclosed and the Property sold at auction, pursuant to Title 28, United States Code, Sections 2001 and 2002, in the manner hereinafter set forth; and that the Property shall be sold free and clear of all liens, claims, and rights of redemption of all the parties to this action, except for restrictions and easements of record, zoning laws affecting the Property, municipal utility and/or maintenance liens, and any city, county, state or school ad valorem taxes which may be due and payable or assessed against the Property at the time of the sale. Payment of such property taxes and municipal utility or maintenance charges shall be the responsibility of the purchaser of the Property at the foreclosure sale.

5. That in accordance with the foregoing paragraph the following liens, to the extent they affect the Property, shall be deemed to be released against the subject real property upon entry herein of the Court's order confirming the foreclosure sale of the Property as more fully set forth below:

      a. Mortgage in favor of the United States Department of Agriculture, Rural Development, recorded on October 7, 1992, in Mortgage Book 183, Page 312, in the Floyd County Clerk's Office, and

      b. Lien in favor of Commonwealth of Kentucky, recorded on July 17, 2008, in Book 44, Page 51, in the Floyd County Clerk's Office.

Such liens, with the exception of mortgage liens, shall remain in full force and effect against any other real property which the Defendant owns or may acquire in the future.

    6. That the United States Department of Agriculture, Rural Development, be and it hereby is authorized and directed to offer the Property for sale at public auction. The sale shall be conducted within Floyd County, Kentucky. Rural Development shall advertise the sale by causing a notice of the sale, containing the time and place of the sale, a description of the Property, and the terms of the sale, to be published no less than once a week for four consecutive weeks prior to the sale in a daily newspaper of general circulation in Floyd County. Rural Development shall pay the expenses of such advertising, and shall be reimbursed upon distribution of the sale proceeds. Prior to the sale, Rural Development shall have the Property appraised by a certified/licensed appraiser who shall be duly sworn by law before entering upon such duties. Rural Development shall pay the customary fee for the appraisal, and shall be reimbursed upon distribution of the sale proceeds. Neither the appraiser nor anyone acting on his or her behalf may make a bid to purchase the Property. Should the purchase price for the Property be less than two-thirds of its appraised value, the United States Marshal's deed conveying the Property to the purchaser shall contain a lien in favor of the Defendants herein who are the record, chain-of-title owners of the Property reflecting their right to redeem the Property during the period for such redemption provided by law. Upon the sale of the Property,

the successful bidder may pay to the United States Marshal for the Eastern District of Kentucky the purchase price in case or upon a credit of 60 days. At the sale, no bid (except as to Rural Development and the other secured parties to this action who may credit bid against their judgments herein) shall be accepted unless the same is accompanied by an immediate cash deposit of at least 10% of the amount of the purchase price. The successful bidder(s) shall execute a sales bond with good and sufficient surety, or shall provide a bank letter of credit, for the balance of the purchase price. The requirement of a sales bond or a bank letter of credit may be reasonably waived by the attorney for the United States. The successful bidder(s) must tender the balance of the purchase price to the Lexington office of the United States Marshal within 60 days following the date of the sale. Upon a default by the purchaser(s), the purchaser's initial deposit shall be forfeited and retained by the United States Marshal to be subsequently disbursed as a part of the proceeds of sale; whereupon the Property shall again be offered for sale in compliance with this Judgment.

7. That the sale of the Property shall be subject to confirmation by this Court. As soon as practicable following the sale, Rural Development shall cause to be filed of record herein a Report of Sale. The Report of Sale shall set forth the times and place of the sale, the appraised value of the Property, the purchase price, the identity and addresses of the purchasers, a statement of how the purchasers wish to take title to the Property, and the advertising, appraisal and other expenses of the sale incurred by Rural Development. The Report of Sale shall lay over for objections and exceptions for ten days after the filing of the Report. After the Report has laid over for ten days, the United States shall forthwith file a motion herein for confirmation of the sale and for entry of an order directing the United States Marshal to execute a deed of conveyance of the Property to the purchaser. The attorney for the United States shall prepare the

Marshal's deed.  The United States Marshal is not required to generally warrant title to the Property, and in no event shall the Marshal be personally obligated in any manner whatsoever. The Marshal shall tender the deed to the Court for approval and endorsement.  The Marshal shall not deliver or cause delivery of the deed to the purchaser of the Property until such time as the sale has been confirmed by the Court, the deed has been examined and approved by the Court, and the purchase price has been paid in full to the Marshal.  Following confirmation of the sale, payment in full of the purchase price, and delivery of the deed, the United States shall forthwith file of record herein a motion for distribution of the sale proceeds, and to have this action stricken from the Court's active docket.

8. That the proceeds of the sale of the Property shall be subjected first to the payment of the costs of this action and the sale, then toward satisfaction of the Plaintiff's Judgment against the Defendants, and thereafter as this Court shall direct.

9. That in order to conduct the foreclosure sale of the Property, the United States shall have possession of the Property.  Any persons now possessing or occupying the Property shall make the same available for inspection upon reasonable notes by the United States, and all such persons now possessing or occupying the Property shall completely move out of the Property not later than 30 days from the date of entry of this Judgment.  Should any such person fail to move out of the Property in compliance with this Judgment, the United States shall, upon motion, be entitled to the entry of a Writ of Assistance providing for the eviction of such persons from the Property.  Upon request of Rural Development or the attorney for the United States, the United States Marshal for the Eastern District of Kentucky is hereby authorized and directed to perform any an all acts which may be reasonable required to protect the Property and to maintain

the peace at the sale of the Property or at the eviction of persons who fail to comply with his Judgment.

      10.      That this action is now continued for confirmation of the sale of the Property, distribution of the sales proceeds, and for such further orders and judgments as may be necessary.

PREPARED BY:

By: /s/ R. Scott Wilder
Attorney for the Plaintiff:
R. Scott Wilder/ Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 ½ N. Main St. Ste. 2
London, KY 40741
(606) 878-8906
Fax: (606)878-8907

Distribution:

1 attested copy:      Defendants